UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY OWENS,<br><br>            Plaintiff,<br><br>     v.<br><br>STEPHANIE CLENDENIN, *et al.*,<br><br>            Defendants. | Case No. 1:23-cv-01056-EPG (PC)<br><br>ORDER REQUIRING DEFENDANTS TO FILE SUPPLEMENTAL BRIEF TO MOTION TO DISMISS<br><br>SUPPLEMENTAL BRIEF DUE IN FOURTEEN DAYS<br><br>ORDER HOLDING MOTION TO DISMISS IN ABEYANCE |

On July 14, 2023, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Department of State Hospital officials and employees. (ECF No. 1).   Plaintiff's complaint states that he is a "civil detainee held pursuant to Sexually Violent Predator Act (SVPA)." (*Id.* at 7). Plaintiff also alleges that "[a]s a civil detainee, Plaintiff is neither a jail/prison inmate, *but a citizen being involuntarily detained for treatment and rehabilitation*[.]" (*Id.* at 9) (emphasis added).

On March 14, 2024, the Court screened Plaintiff's complaint, finding that Plaintiff stated a cognizable Fourteenth Amendment violation of his right to curative treatment based on Plaintiff's allegations that Defendants' policies and practices with respect to providing staffing and treatment in DSH-Coalinga's Sex Offender Treatment Program (SOTP) are inadequate under state law and DSH's own standards. (ECF No. 5 at 5-7). The Court also found that Plaintiff stated

1

a cognizable Fourteenth Amendment violation of his right to be free from punishment based on Plaintiff's allegations that the mental health services offered to Plaintiff was less than what was offered and made available to criminal offenders. (*Id.* at 7-8). The Court authorized service of Plaintiff's complaint on Defendants Stephanie Clendenin, Brandon Price, Cory Fulton, Scott Vandeputte[1], and Frank Maul. (ECF No. 8).

On June 10, 2024, Defendants filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Procedure 12(b)(6). (ECF No. 10). Defendants' motion makes several arguments as to why Plaintiff's complaint fails to state a claim under the Fourteenth Amendment, including that, because "[t]he plain language of the SVPA differentiates the rights of post-trial SVP commitments and pre-trial SVP detainees" and does not require DSH to provide sex offender treatment to the latter, then "as a pretrial detainee, [Plaintiff] has no automatic right to treatment under the SVPA." (*Id.* at 8).

However, it is not clear to the Court that Plaintiff's complaint contains sufficient information to determine that Plaintiff is a pre-trial SVP detainee, as Defendants claim. While Plaintiff's complaint asserts that he is a civil detainee, Plaintiff also asserts that he is detained under the SVPA for the purposes of "treatment and rehabilitation." (*Id.* at 9). In contrast, Defendants' motion asserts that "[w]hile [Plaintiff] is detained at DSH-C under the SVPA, he has not yet been adjudicated an SVP, but is a pre-trial detainee." (ECF No. 10 at 3). According to Defendants, Plaintiff "was placed at Department of State Hospitals-Coalinga (DSH-C) after a probable cause determination pursuant to California Welfare and Institutions Code, section 6602." (*Id.*) However, Defendants provide no citation for this assertion to anywhere in Plaintiff's complaint, nor do Defendants submit any supporting evidence or request judicial notice of any facts. Defendants also contend that Plaintiff's complaint "suggests that, because he's detained as a pre-trial SVP detainee, he is guaranteed a right to SVP treatment." (ECF No. 10 at 3) (citing ECF No. 1 at 11 ¶ 17). But the relevant citation does not affirmatively confirm that Plaintiff is awaiting adjudication as a sexually violent predator pursuant to Section 6602, as stated elsewhere in Defendants' motion. (ECF No. 1 at 11 ¶ 17 ("According to Defendants own policy regarding

---

[1] Plaintiff's complaint identified this defendant as "Scott Van de Putte," however, Defendants' motion identifies the spelling as "Vandeputte." (ECF No. 10 at 1).

treatment plan teams, the primary role of the team is to facilitate the Plaintiff's recovery and reintegration into the community. This policy also requires that patients like Plaintiff who are not participating in Sex Offender Treatment, be offered treatment enrollment on a monthly basis, eve if they un-enroll. The team is to encourage the patients to participate and document those result[s] in a patient's medical chart. This is a ministerial duty mandated under the states Welfare and Institutions Code Section 6600.")).

Thus, Defendants' motion to dismiss appears to rely on information not contained in Plaintiff's complaint.  Accordingly, the Court will require Defendants to file a supplemental brief that addresses this issue.  For example, if Defendants believe that the information needed to resolve the motion is contained in the complaint, Defendants may point to such allegations in the complaint and explain how they establish that fact.  Defendants may also wish to submit evidence in support of the motion, and have the motion treated as one for summary judgment.[2]

The Court will hold the deadline for Plaintiff to respond to Defendants' motion to dismiss in abeyance pending Defendants' supplemental brief.

Based on the foregoing, IT IS ORDERED that:

1. Defendants shall file a supplemental brief to their motion to dismiss addressing the issue described in this order within fourteen (14) days.
2. The deadline for Plaintiff to respond to Defendants' motion to dismiss is held in abeyance, to be reset by the Court.

\\\
\\\
\\\

---

[2] "Amotion to dismiss made under Federal Rule of Civil Procedure 12(b)(6) must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 if either party to the motion to dismiss submits materials outside the pleadings in support or opposition to the motion, and if the district court relies on those materials." *Anderson v. Anderson*, 86 F.3d 932, 934 (9th Cir. 1996) (citing Fed.R.Civ.P. 12(b)(6)). If the district court transforms a motion to dismiss into a summary judgment proceeding, the district court must inform a pro-se plaintiff "that [it] is considering more than the pleadings and must afford a reasonable opportunity to present all pertinent material." *Anderson*, 86 F.3d at 935-36 (quoting *Lucas v. Department of Corrections,* 66 F.3d 245, 248 (9th Cir.1995)). The district court's duties "are even greater" when the pro se litigant is also a prisoner. *Id.* at 936 (citing *Klingele v. Eikenberry,* 849 F.2d 409, 411–12 (9th Cir.1988)). In that case, the district court is obligated to advise the plaintiff of the Rule 56 requirements. *Id.*; *see also Garaux v. Pulley*, 739 F.2d 437, 440 (9th Cir. 1984).

3.  Failure to respond this order may result in denial of the motion.

IT IS SO ORDERED.

Dated:  **June 14, 2024**                    /s/ Erica P. Grosjean
                                             UNITED STATES MAGISTRATE JUDGE

4